UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| URIEL GONZALEZ,<br><br>        Petitioner,<br><br>    v.<br><br>RALPH M. DIAZ, Warden,<br><br>        Respondent. | No. CV 13-5248-PA (PLA)<br><br>**ORDER TO SHOW CAUSE RE: ABSTENTION** |

On July 19, 2013, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 (the "Petition"), in which he challenges his 2001 conviction in the Los Angeles County Superior Court for attempted murder. (See Petition at 2). For the reasons set forth below, it appears that abstention is appropriate under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

As a general proposition, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger, 401 U.S. at 45-46; see also Fort Belknap Indian Community v. Mazurek, 43 F.3d 428, 431 (9th Cir. 1994) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues). The Court must abstain under Younger if four requirements are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3)

the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).

All four of the Younger criteria are satisfied in this case. First, petitioner indicates in the Petition that he has a "[p]ending appeal in the Court of Appeal Second Appellate District." (Petition at 6; see also Petition at 7). Second, the ongoing state proceedings implicate important state interests. The Younger Court identified a state's task of enforcing its laws against socially harmful conduct as "important and necessary." Younger, 401 U.S. at 52. Third, petitioner has an adequate state forum in which to pursue his claims. See Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 15, 107 S.Ct. 1519, 95 L.Ed.2 1 (1987) (a federal court should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"). Fourth, to the extent petitioner seeks to have this Court preemptively issue an order while his direct appeal is ongoing, such an order would threaten interference in the state criminal proceedings in a manner that Younger disapproves. See Younger, 401 U.S. at 44 (purpose of restraint on equity jurisdiction is to leave states "free to perform their separate functions in their separate ways").

Because the Younger requirements are satisfied in the present case, abstention is required unless extraordinary circumstances exist. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 n.22, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (Younger abstention is not discretionary once the conditions are met). After review of the Petition, it does not appear that the circumstances of petitioner's case fall within any recognized exception to the Younger doctrine.

Abstention is not appropriate if the state proceedings are being undertaken in bad faith, to harass, or are based on a "flagrantly and patently" unconstitutional statute (see Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435, 437, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)), or when the petitioner raises a "colorable claim of double jeopardy" in a pretrial habeas petition. Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992). Additionally, irreparable harm

alone is insufficient to warrant federal intervention unless the irreparable harm is both great and immediate. Pulliam v. Allen, 466 U.S. 522, 538 n.17,104 S.Ct. 1970, 80 L.Ed.2d 565 (1984) ("When the question is whether a federal court should enjoin a pending state-court proceeding, even irreparable injury is insufficient unless it is both great and immediate." (internal quotations omitted)), quoting Younger, 401 U.S. at 46. No such showing has been made here.

For the foregoing reasons, it appears that Younger abstention is appropriate in this case. The Court emphasizes, however, that its disposition of the case under this principle would not bar federal review of any timely filed claims; rather, it would delay consideration of the claims until such time as federal review will not disrupt the state judicial process.[1]

Accordingly, **no later than August 15, 2013**, petitioner is ordered to show cause why the Petition should not be dismissed without prejudice pursuant to the Younger abstention doctrine. **Petitioner is advised that his failure to timely respond to this Order will result in the action being dismissed based on Younger, and for failure to prosecute and follow Court orders.**

DATED: August 1, 2013

　　　　　　　　　　　　　　　/s/ Paul L. Abrams
　　　　　　　　　　　　　　　PAUL L. ABRAMS
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] In 2011, petitioner filed a first habeas petition in this Court, in Case No. CV 11-8690-PA (PLA) (the "2011 Petition"). On February 12, 2013, the 2011 Petition was dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1). On June 6, 2013, petitioner filed a second habeas petition in this Court, in Case No. CV 13-4053-PA (PLA), which was dismissed without prejudice as successive on June 13, 2013. From the instant Petition, it appears that petitioner asserts this Petition is not successive under Wentzell v. Neven, 674 F.3d 1124 (9th Cir. 2012). The Court makes no determination at this time whether the instant Petition would not be successive under Wentzell, but notes that it does not appear from the Petition that the April 24, 2013, proceeding in petitioner's case constituted a "new judgment intervening" between petitioner's 2011 Petition and the instant Petition. See Wentzell, 674 F.3d at 1127 (quoting Magwood v. Patterson, __ U.S. __, 130 S.Ct. 2788, 2802, 177 L.Ed.2d 592 (2010)). As such, it is questionable whether Wentzell would even apply to his case.